UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILARIO CHILCHIL, | No. C 10-4799 SI (pr) |
| Petitioner, | **ORDER DENYING HABEAS PETITION** |
| v. | |
| BEN CURRY, warden, | |
| Respondent. | |

Hilario Chilchil filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged a decision by the Board of Parole Hearings to find him not suitable for parole. In his petition, Chilchil alleged four claims: (1) the evidence was insufficient to support the BPH's decision; (2) the BPH substituted its views for that of expert psychologists in assessing Chilchil's risk level; (3) the California parole procedures applied to him "violate both the State and Federal Canons Against Extraterritorial Application of State Law, and Petitioner's due process right" to individualized consideration for parole, Petition, p. 6; and (4) the BPH improperly impeded the commencement of removal proceedings against him by denying parole and therefore exceeded the BPH's authority in light of federal law providing for prompt deportation of aliens who have been convicted of serious felony convictions, id. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled

1 thereto." 28 U.S.C. § 2243.  A "federal court may issue a writ of habeas corpus to a state
2 prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or
3 treaties of the United States.'"  Swarthout v. Cooke, No. 10-333, slip op. 1, 4 (U.S. Jan. 24,
4 2011) (citing 28 U.S.C. § 2254(a)).  The court may not grant habeas relief for state law errors.
5 Id.

6       For purposes of federal habeas review, a California prisoner is entitled to only "minimal"
7 procedural protections in connection with a parole suitability determination.  The procedural
8 protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth
9 Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement
10 of the reasons why parole was denied.  See id. at 4-5.  The Court explained that no Supreme
11 Court case "supports converting California's 'some evidence' rule into a substantive federal
12 requirement," id. at 5, and the Ninth Circuit erred in holding otherwise.

13       In light of the Supreme Court's determination that the procedural protections that have
14 been recognized by that Court as constitutionally-mandated for a parole applicant are an
15 opportunity to be heard and a statement of reasons for the denial of parole, Chilchil's claims
16 must be rejected.  There is no "clearly established Federal law, as determined by the Supreme
17 Court of the United States," supporting any of his claims, so the state courts' rejection of his
18 claims cannot be said to be contrary to or an unreasonable application of such law.  See 28
19 U.S.C. § 2254.  Additionally, with regard to his claim that the BPH interfered with his removal
20 from the United States, the argument is premised on the erroneous belief that he has "completed
21 his relevant statutory maximum term," Petition, p. 25, which plainly is incorrect in that he has
22 a maximum sentence of life imprisonment.  The petition for writ of habeas corpus is DENIED.

23       A certificate of appealability will not issue because Chilchil has not made "a substantial
24 showing of the denial of a constitutional right."  28 U.S.C. §  2253(c)(2).  This is not a case in
25 which "reasonable jurists would find the district court's assessment of the constitutional claims
26 debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

27       The motion for appointment of counsel is DENIED.  (Docket # 3.)  Appointment of
28

1 | counsel is not necessary because this action is being dismissed.
2 |     The clerk shall close the file.
3 |     IT IS SO ORDERED.
4 | DATED: February 8, 2011

                                          SUSAN ILLSTON
                                   United States District Judge